**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3907-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MATTHEW D. ROLLE,
a/k/a DASHAUN CHEEKS,

     Defendant-Appellant.

_____

Submitted May 17, 2021 – Decided July 19, 2021

Before Judges Sabatino and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment No. 15-07-0387.

Joseph E. Krakora, Public Defender, attorney for appellant (Craig S. Leeds, Designated Counsel, on the brief).

John T. Lenahan, Salem County Prosecutor, attorney for respondent (David Galemba, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Matthew Rolle appeals the trial court's denial of his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

I.

We incorporate by reference the facts detailed in this court's unpublished 2017 opinion upholding defendant's conviction and sentence. State v. Rolle, No. A-5239-15 (App. Div. Aug. 15, 2017), certif. denied, 232 N.J. 285 (2018). A brief summary will suffice for our present purposes.

The jury found defendant guilty on six of eight counts connected to the brutal beating of a former friend, Christopher Hill, and his mother Rosemary Hill. The attacks occurred when the victims approached defendant and two other individuals late one evening, having perceived they were engaged in suspicious activity near a relative's home.

Both victims previously knew defendant, and they identified him as one of the attackers. The evidence showed the victims were struck in the head and other parts of their bodies with what the indictment described as a "knife or machete type object." The weapon was not recovered, and the two other perpetrators were never identified.

The jury found defendant not guilty of two counts of attempted murder. As to the remaining charges, the jury most severely convicted defendant of two

A-3907-19

counts of second-degree aggravated assault, comprising one count for each victim.

Judge Benjamin C. Telsey, who presided over the trial, sentenced defendant to an extended seventeen-year custodial term for one of the second-degree aggravated assaults (count five), plus a consecutive nine-year term for the other second-degree aggravated assault (count eight). Both of those counts were subject to the parole ineligibility periods mandated by the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2. The court also imposed a concurrent sixteen-month sentence for count four, the unlawful possession of a weapon. All other counts either merged or were dismissed. The aggregate sentence was therefore twenty-six years, subject to NERA.

In his present PCR petition, defendant principally claims his trial attorney was ineffective by failing to object to jury charges that used the term "knife or machete type object," rather than the generic term "deadly weapon" contained in the model jury charges. Defendant further claims his appellate counsel on direct appeal was ineffective in not arguing that there were inconsistencies in the testimony of the State's witnesses. He also argues the trial court improperly

A-3907-19

corrected a discrepancy in the judgment of conviction[1] without scheduling a hearing at which he would be allowed to appear.

The judge who considered defendant's PCR application, Judge Sandra Lopez, denied it without an evidentiary hearing. The judge issued a written opinion on January 22, 2019. She first determined that defendant's ineffectiveness claims relating to the jury charge are procedurally barred under Rule 3:22. Turning to the merits, the PCR judge found defendant had presented no prima facie case of ineffectiveness by either trial or appellate counsel warranting relief or an evidentiary hearing.

## II.

In appealing the PCR denial, defendant makes the following arguments:

> POINT I
>
> MR. ROLLE WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS AND THE LOWER COURT ERRED IN CONCLUDING OTHERWISE.

---

[1] The judgment of conviction had incorrectly referred to "count six," on which he was acquitted, merging into the second-degree aggravated assaults, rather than count seven.

POINT II

THE CUMULATIVE EFFECT OF THE ERRORS COMPLAINED OF RENDERED THE TRIAL UNFAIR.

POINT III

THE SENTENCE IMPOSED BY THE TRIAL COURT WAS IMPROPER, ILLEGAL AND/OR OTHERWISE UNCONSTITUTIONAL.

POINT IV

MR. ROLLE WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL ON DIRECT APPEAL.

POINT V

THE LOWER COURT ERRED IN DENYING MR. ROLLE'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING.

Our appellate review of these arguments is guided by well-established principles. Pursuant to the Sixth Amendment of the United States Constitution, a person accused of crimes is guaranteed the effective assistance of legal counsel in his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish a deprivation of that right, a convicted defendant must satisfy the two-part test enunciated in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually

5

prejudiced the accused's defense. Id. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey). In reviewing such claims, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy . . . ." Fritz, 105 N.J. at 42, 54 (1987) (citations omitted).

Upon reviewing the record in light of these standards, we affirm the denial of defendant's PCR petition. We do so substantially for the sound reasons thoroughly set forth in Judge Lopez's thirty-one-page written decision. Although we do not rest on the procedural bars cited by the judge, we concur with her conclusion that defendant's arguments have no substantive merit and that an evidentiary hearing is unnecessary. We add only a few amplifying comments.

First, we join with Judge Lopez in rejecting defendant's argument that the jury charge was defective in describing the weapon used in the attack as "a knife or machete type object." The phrase tracked the language of the indictment. None of the charged weapons-related offenses here required the State to prove as an essential element the exact weapon defendant used, so long as it was

6

"deadly." See N.J.S.A. 2C:12-1(b)(2); Model Jury Charges (Criminal), "Aggravated Assault – Bodily Injury with Deadly Weapon (Purposely or Knowingly) (N.J.S.A. 2C:12-1(b)(2))" (rev. Nov. 3, 2008) (a "deadly weapon is any firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury"). (emphasis added).

In this case, the trial judge gave instructions on the definition of a deadly weapon nearly verbatim to the model charges on aggravated assault, including the fact that when giving the charge he omitted the "knife or machete type" weapon language for the more generic term "deadly weapon." By contrast, when giving the possession of a weapon for an unlawful purpose instruction, the judge included the description of the weapon from the indictment in explaining that the State must prove beyond a reasonable doubt that defendant possessed a weapon consistent with the indictment. He additionally included the "object as a weapon" portion of that charge. See Model Jury Charges (Criminal), "Possession Of Weapon With A Purpose To Use It Unlawfully Against The Person Or Property Of Another (N.J.S.A. 2C:39-4d)" (rev. Jun. 16, 2003)

7

(explaining that the State must prove, where the weapon is unavailable, that "there was a weapon").

Although the weapon in this case was not recovered, we agree with Judge Lopez there was nonetheless "overwhelming proof," including the eyewitness accounts and the testimony of the hospital physician, that the device caused "slicing-type injuries."

If anything, the insertion into the jury charge of the phrase "knife or machete type object" which tracked the wording of the indictment, added to the State's burden by making the description of the weapon more specific. Thus, the wording did not manifestly disadvantage defendant.

Moreover, defendant's trial counsel competently objected to the medical witness's qualifications to determine the exact type of weapon used. The attorney did acknowledge at sidebar that the nature of the injuries were obviously from "a blade," and did his best to deal with that irrefutable fact in his arguments to the jury.

Defense counsel also moved for a new trial based on the jury charge's "knife or machete type object" language. Although that motion was appropriately denied, its filing bespeaks the vigorous advocacy provided by defense counsel.

A-3907-19

Similarly, defendant's trial counsel was not ineffective with respect to the sentencing process. We have already upheld the sentence as non-excessive and appropriate on direct appeal. The clerical error in the judgment of conviction concerning counts seven and eight, which was since rectified in August 2016 pursuant to Rule 1:13-1, did not require a resentencing hearing and defendant's presence in court. See State v. Matlack, 49 N.J. 491, 501-02 (1967). The PCR petition did not identify any meritorious reason to reopen the sentence.

We likewise reject defendant's claims that his appellate counsel was constitutionally ineffective. It would not have been fruitful for appellate counsel to argue the verdict should be set aside based on the weight of the evidence or matters of witness credibility. The jurors reasonably decided to believe the prosecution's witnesses, despite alleged inconsistencies in their accounts. A reviewing court considers whether "based on the entirety of the evidence and after giving the State the benefit of all its favorable testimony and all the favorable inferences drawn from that testimony, a reasonable jury could find guilt beyond a reasonable doubt." State v. Williams, 218 N.J. 576, 594 (2014) (citing State v. Reyes, 50 N.J. 454, 458-59 (1967)). That deferential standard was surely met here.

9

We further agree with Judge Lopez that no evidentiary hearing was warranted, because defendant's PCR petition failed to present a prima facie basis for relief. State v. Preciose, 129 N.J. 451, 462-63 (1992); see also State v. Porter, 216 N.J. 343, 354 (2013).

All other arguments raised by defendant lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3907-19